VROW CHRISTINA MAGDALENA, The (JANSEN v.). See Case No. 7,216.

## Case No. 17,026.

### VUYTON v. BRENELL.

[1 Wash. C. C. 467.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1806.

EVIDENCE — ACTION FOR BALANCE OF ACCOUNT — SECONDARY EVIDENCE.

1. In an action to recover the balance of a settled account, and of certain bills of exchange accepted by the defendant: the defendant offered to prove that the plaintiff's intestate acknowledged himself to be indebted to the defendant on another account, which included the settled account, and upon which a larger amount was due than that claimed, which the intestate promised to pay. The court allowed the evidence to be given: as it was not offered to affect the settled account, but to establish a claim independent of it, and which the plaintiff's intestate promised to pay.

2. What will be deemed sufficient evidence to prove the loss of a promissory note, so as to permit evidence of its contents to be given.

[Cited in brief in Krise v. Neason, 66 Pa. St. 257.]

In this case, the following points were decided, which are not stated in the report:—

1. If the defendant has put in several pleas, he may withdraw one of them, without leave, at any time.

2. If there be a negative and affirmative plea, the plaintiff's counsel must begin and conclude on the negative issue; and the counsel for the defendant, in the affirmative: but both must, in the argument, confine themselves strictly to the issue they are discussing.

The jury were sworn. by consent of the parties, to try two actions; one for the recovery of a balance, agreed to be due on the 24th June, 1792, by a stated account; and the other, for the amount of certain bills of exchange drawn by the defendant, accepted and paid by the intestate of plaintiff. The plea chiefly relied on was, that of a set-off, of 100,000 livres,

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

which greatly exceeded the plaintiff's demand. In support of this plea the defendant offered to prove, that at the time these transactions took place between the parties, who were citizens of, and residents in St. Domingo, and at the time of the settlement in June, 1792, the intestate acknowledged himself to be indebted to the said defendant in 100.000 livres, on account of a purchase of land in St. Domingo, from a Mr. Cardonnier, who had assigned this debt to the defendant. That the intestate agreed to pay that sum as soon as he could, after deducting therefrom the balance of their mercantile accounts, admitted to be due by the stated account.

This was objected to by Dallas & Levy, for plaintiff. as no evidence to explain, or alter the settled account. could be received, unless upon the ground of fraud, or mistake. and not in those cases. elsewhere than in equity.

BY THE COURT. The stated account relates only to the unsettled mercantile transactions between the parties, and as to that, evidence to explain or contradict it would be improper. But the defendant offers, by way of set-off, an independent claim for a debt assigned to him, which was not included in the stated account, but which, the intestate promised to pay, claiming only to deduct from it, the balance found due by the settled account. Evidence to establish this fact, does not violate the rule above laid down, and is clearly proper. The defendant then offered to prove, that after the massacre at the Cape and at Jeremie, in 1793, the intestate and the defendant fled, and arrived at Baltimore, where another settlement took place, and the intestate gave his note to the defendant, to pay the 100,000 livres, with interest, after deducting 48,000 livres, then found due to the plaintiff. That this note was, in 1795, sent by the defendant, with a power of attorney, to a Mr. Berthier of Jeremie, to recover. This evidence was objected to, unless the defendant should first prove the loss, or destruction of the note. This promise, if made, was at Baltimore. and is therefore barred by the act of limitations, and if so, the plaintiff may avail himself of it at the trial. The defendant, to prove the loss of the note given at Baltimore, produced witnesses who stated, that most of the town of Jeremie and the Cape were burnt. The deposition of Berthier stated, that he had received sundry documents from the defendant to recover debts, and amongst others, the promise of the intestate to pay 100,000 livres; that when he left St. Domingo, he delivered over these papers to Legros, an attorney, to pursue the claim, and that Legros had been assassinated.

BY THE COURT. This evidence does not sufficiently establish the loss of the paper. The defendant might have procured better evidence of it. He might, by a commission, have proved what became of Legros' papers; whether they were burnt, or destroyed. Evidence has been given, that when the negroes assassinated an individual, they generally destroyed his papers, and further, that it was not safe, for any

white person, to apply for papers belonging to any of the emigrant planters. But, certainly, the fate of Legros or his successor, and of the papers, might have been proved by a commission. Was his or their house burnt? Evidence of this might suffice, with the other facts in the cause.

Upon signifying this opinion, the defendant produced witnesses, who proved, that the papers of Legros, after his death, passed into the hands of Mr. Dallet, an attorney, who was massacred at the Cape, and that his papers were destroyed.

BY THE COURT. This is sufficient. The defendant may now prove the contents of the note.

Upon the evidence given of the note, the plaintiffs suffered nonsuits in both cases.

# W.

WABASH AVE. BAPTIST CHURCH SOC. (O'NEIL v.). See Case No. 10,531.

WABASH NAV. CO. (CULBERTSON v.). See Case No. 3,464.

WABASH RY. CO. (TYSEN v.). See Case No. 14,315.

WACOUSTA, The (BARRETT v.). See Case No. 1,050.